UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN K. OTTEY-BEY,

              Plaintiff,

              v.

JEREMY SCHEUBLIN, ANTHONY TACCETTA, YILDY PEREZ-MORALES, NICO MARTINO, NICHOLAS KONNER, JAMES MCCORMACK, and NEW YORK CITY POLICE DEPARTMENT,

              Defendants.

**MEMORANDUM & ORDER**
22-CV-03019 (HG) (LB)

       Plaintiff commenced this lawsuit against various New York City police officers alleging that they: (i) discriminated against him on the basis of race, in violation of 42 U.S.C. § 1981; (ii) deprived him of his civil rights while acting under the color of state law, in violation of 42 U.S.C. § 1983; and (iii) intentionally inflicted emotional distress upon him. *See* ECF No. 1.[1] Plaintiff's claims are based on a series of events that allegedly included his arrest by Defendants at his residence in Brooklyn, New York. *Id.* ¶ 14. On May 27, 2022, Plaintiff filed a two-page document purporting to seek a temporary restraining order and preliminary injunction. *See* ECF No. 6. Plaintiff has requested that the Court prohibit Defendants from disposing of or destroying his property, arresting him without a warrant, or interfering with unspecified actions in his "role as an indigenous Moorish Constitutional Sheriff as he travels within the City of New York."

---

[1]     Plaintiff also asserts these claims against the "NEW YORK CITY POLICE DEPARTMENT." ECF No. 1 ¶ 10. However, the New York City Police Department is merely "an organizational subdivision of the City of New York" and "not a suable entity," so it is not a "person . . . eligible to be sued" under Section 1983 of the Civil Rights Act. *Carter v. City of New York*, No. 22-cv-2440, 2022 WL 2657359, at *2 (E.D.N.Y. July 8, 2022) (internal quotation marks omitted).

ECF No. 6 at 2.  The Court declines to issue a temporary restraining order or a preliminary injunction for the reasons explained below.

A plaintiff seeking a temporary restraining order or a preliminary injunction must generally prove that the same elements are satisfied.  *Grayson v. Equifax Credit Info. Servs.*, No. 18-cv-6977, 2019 WL 1862929, at *1 (E.D.N.Y. Apr. 24, 2019).  Those elements require Plaintiff to "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [his] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest."  *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (internal quotation marks omitted).  "Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *New York v. U.S. Dep't of Homeland Security*, 969 F.3d 42, 86 (2d Cir. 2020).

Preliminary injunctive relief "'is an extraordinary remedy never awarded as of right.'"  *Trump Vill. Section 4, Inc. v. Local 804 Int'l Brotherhood of Teamsters*, No. 22-cv-3925, 2022 WL 2669898, at *2 (E.D.N.Y. July 11, 2022) (quoting *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) (per curiam)).  "The burden is even higher on a party like [Plaintiff] that seeks a mandatory preliminary injunction that alters the status quo by commanding some positive act," in this case permitting Plaintiff to perform unspecified actions as a purported sheriff, "as opposed to a prohibitory injunction seeking only to maintain the status quo."  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted).

"Plaintiff's application fails to state any facts from which the Court could conclude that a [temporary restraining order] or [preliminary injunction] is appropriate."  *Grayson*, 2019 WL

1862929, at *1.  After considering together both Plaintiff's complaint and his request for injunctive relief, the Court does not have enough information about the facts giving rise to Plaintiff's claims to conclude whether he is likely to succeed on the merits or that he has even raised sufficiently serious questions about the merits.  Furthermore, Plaintiff has not included any allegations that are suggestive of irreparable harm.  Although Plaintiff alleges that Defendants seized certain property from him, Plaintiff has not specified the nature of that property or explained why his potential loss of that property would cause him irreparable harm that could not be remedied by money damages.  *See* ECF No. 6 ¶ 6.

For the reasons described above, the Court denies Plaintiff's motion for a temporary restraining order and a preliminary injunction.  The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

                                        */s/ Hector Gonzalez*
                                        HECTOR GONZALEZ
                                        United States District Judge

Dated: Brooklyn, New York
        July 25, 2022