UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEVIN OTTEY-BEY,

                Plaintiff,

  -against-

JEREMY SCHEUBLIN,
ANTHONY TACCETTA,
YILDY PEREZ-MORALES,
NICO MARTINO,
NICHOLAS KONNER,
JAMES MCCORMACK,
and NEW YORK CITY POLICE DEPARTMENT

                Defendants.
----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**22 CV 3019 (RER)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff Kevin Ottey-Bey, proceeding *pro se* brings this civil rights action against the New York City Police Department and individual New York City Police Department Officers Jeremy Scheublin, Anthony Taccetta, Yildy Perez-Morales, Nico Martino, Nicholas Konner, James McCormack, alleging a violation of his constitutional rights. For the reasons set forth below, the Court recommends that this matter should be dismissed for failure to comply with Court Orders pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v).

## BACKGROUND

      Plaintiff brings claims under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, excessive force and conspiracy against defendants relating to his arrests on October 5, 2020 and March 4, 2022. ECF No. 1. After two requests for an extension of time to answer, defendants informed the Court that the criminal case arising from plaintiff's March 4, 2022 arrest was still pending and requested a stay in this matter.[1] ECF No. 13. The Court granted the request to stay

---

[1] At that time, a bench warrant had been issued for plaintiff's arrest and the criminal case could not proceed until plaintiff returned to Court. ECF No. 13.

the matter pending a resolution of plaintiff's underlying criminal case, and the matter was stayed for two years. Corporation Counsel then reported that plaintiff pled guilty to attempted criminal possession of a weapon in the second degree. ECF No. 31.

The Court held an initial conference on January 28, 2025. After waiting in the courtroom with defendants' counsel who arrived thirty minutes earlier, when the conference was scheduled to begin, to call the case, plaintiff failed to appear with no warning to defendants' counsel or the Court.[2] See Minute Entry, Dated January 28, 2025. The Court then afforded plaintiff another opportunity to appear in this action, scheduling another conference for February 13, 2025 at 9:30 a.m. Id. Plaintiff was warned that if he failed to appear for the Court ordered conference on February 13, 2025, I would recommend dismissal of his case. See id. On February 11, 2025, plaintiff filed a "Validation Notice," attaching my Order dated January 28, 2025, confirming he received it. ECF No. 36. Despite plaintiff's acknowledgment of this Court's Order, plaintiff failed to appear at the February 13, 2025 conference. See Minute Entry dated February 13, 2025.

## DISCUSSION

When a party "fails to appear at a scheduling or other pretrial conference," courts have the authority to "issue any just orders." Fed. R. Civ. P. 16(f). This includes dismissing the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A)(v); Cadet v. All. Nursing Staffing of New York, Inc., No. 21 CIV. 3994 (KPF), 2024 WL 81487, at *1 (S.D.N.Y. Jan. 8, 2024), appeal dismissed, No. 24-315, 2024 WL 5392746 (2d Cir. June 18, 2024). The imposition of sanctions is a matter within the district court's discretion, but the Court must warn the disobeying party of the consequences of noncompliance before ordering dismissal. Bobal v.

---

[2] Plaintiff only provided one address which is listed on the docket: "361 Kosciuszko Street, Brooklyn, NY 11221." Plaintiff's "Validation Notice" (ECF 36) confirms that he received the Court's Order and reaffirmed plaintiff's Kosciuszko Street address.

Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). "*Pro se* litigants…are not immune to dismissal as a sanction for noncompliance with [Court] orders." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

When considering dismissal, the Court should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of…noncompliance." Id. at 302–03 (internal quotation marks omitted) (citing Nieves v. City of New York, 208 F.RD. 532, 535 (S.D.N.Y. 2002)). Dismissal is appropriate where a litigant fails to obey the Court's "orders despite repeated warnings that his conduct would result in dismissal." Galeano v. US Custom Serv., 225 F.3d 645, *2 (2d Cir. 2000) (summary order). Although a severe sanction, dismissal is necessary not only to penalize a noncompliant party but also to deter others from engaging in similar conduct. Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (quoting National Hockey League v. Metropolitan Hockey, Club, Inc., 427 U.S. 639, 643 (1976)).

Here, plaintiff failed to comply with Court orders when he failed to appear at two Rule 16 conferences. Plaintiff's failure to appear warrants dismissal. After his failure to appear at the initial conference on January 28, 2025, the Court Ordered plaintiff to appear at the rescheduled conference on February 13, 2025 and warned plaintiff that if he failed to appear, I would recommend that his claims should be dismissed. Despite a letter to the Court acknowledging receipt of the Court's Orders, plaintiff again failed to appear on February 13, 2025. ECF No. 36; Minute Entry dated February 13, 2025. Plaintiff's failure to appear despite receiving the Court's Orders is willful. Given plaintiff's failure to comply with the Court's orders, any sanction short

of dismissal would be futile. See S.E.C. v. Setteducate, 419 Fed. Appx. 23, 25 (2d Cir. 2011) (summary order) (affirming a default judgment against a *pro se* defendant).

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                    /S/_____
                                                                                   LOIS BLOOM
                                                                                    United States Magistrate Judge

Dated: March 7, 2025
       Brooklyn, New York